UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD C. RUSH,

    Plaintiff,

-vs-

    Case No. 10-13153
    HON. AVERN COHN

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

## MEMORANDUM AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### I. Introduction

This is a social security case. Plaintiff Harold C. Rush (Rush) appeals from the final decision of the Commissioner of Social Security (Commissioner) denying his application for disability benefits. Rush claims disability since December 21, 2004.

The parties filed cross motions for summary judgment, which were referred to the Magistrate Judge (MJ) for a report and recommendation (MJRR). The MJ recommended that Rush's motion for summary judgment be denied, that the Commissioner's motion for summary judgment be granted, and that the findings of the Commissioner be upheld. Rush filed a timely objection to the MJRR. For the reasons that follow, the Court will adopt the MJRR as the findings and conclusions of the Court, as supplemented below.

### II. Background

A.

The MJRR sets forth the facts which are summarized here. On December 21, 2004, Rush was injured when he slipped and fell while working on a roof in the course of his employment. He was caught by a harness but the harness jerked, placing pressure on his lower back. (Doc. 5-7, p. 7). At the Emergency Room, Rush was given Vicodin, discharged, and instructed to stay off work for one week. (Doc. 5-7, p. 8). However, the pain persisted. On June 7, 2006, Rush filed a Title XVI application for Supplemental Security Income (SSI) alleging disability due to his back injury and due to the pain and depression that followed the injury. (Doc. 5-6, p. 7).

On August 14, 2006, the Commissioner denied the claim. Rush then requested review before an Administrative Law Judge (ALJ). After conducting a hearing, the ALJ issued a decision on February, 4, 2009, finding that Rush was not disabled under the terms of the Social Security Act (SSA).

At step two of the five-step sequential analysis prescribed by 20 C.F.R.§ 404.1520 (1997) for evaluating disability, the ALJ found that medical evidence established the "severe" impairments of degenerative disc disease with a recurrent sprain; alcohol dependence and abuse; possible depression; fracture of the left foot; and obstructive lung disease. (Doc. 5-2, p. 14).

At step three, the ALJ determined that Rush did not have an impairment or combination of impairments that met or medically equaled the Listing of Impairments (Listings).[1] See 20 C.F.R. Part 404, subpart P, Appendix 1. The ALJ found that Rush's back pain did not meet Listing 1.04 and his mental limitations did not meet Listings

---

[1] The Listing of Impairments describe and enumerate select impairments in each of the major body systems which are considered severe enough to prevent an individual from doing any gainful work activity regardless of age, education, or work experience. 20 C.F.R. § 404.1525.

12.04 or 12.09.  (Doc. 5-2, p. 14).

At step four, the ALJ determined that despite his impairments, Rush retained the Residual Functional Capacity (RFC) to engage in unskilled, sedentary work with several additional conditions.  (Doc. 5-2, p.15).  The ALJ further determined that the RFC precluded Rush from engaging in his past work as a roofer because such work is semi-skilled.  (Doc. 5-2, p. 24).

At step five, after considering Rush's age, education, work experience and RFC along with the Medical-Vocational Guidelines,[2] see 20 CFR Part 4, Subpart P, Appendix 2, the ALJ found that Rush was eligible for a significant number of jobs in the national economy.  (Doc. 5-2, p. 24).  Accordingly, the ALJ determined that Rush was not disabled for purposes of the SSA and denied Rush's application for benefits. (Doc. 5-2, p. 25).

Rush subsequently appealed the ALJ's decision.  On July 20, 2010, the Appeals Council (AC) denied his request for review and the ALJ's decision became the final decision of the Commissioner.  Rush brought this action seeking judicial review.  The MJ rejected Rush's arguments, finding them to be without merit.

B.

Rush now objects to the MJRR and contends that the ALJ erred by (1) basing her determination upon an inadequate review of the record; and (2) failing to explain her

---

[2] Although many of the Social Security rules focus on medical factors, the "medical-vocational guidelines" is a set of rules that focuses less on medical problems and more on the claimant's age, education and work background. These rules are sometimes referred to as the "grids" because they are set out in a series of three tables, one for each level of physical work capacity-sedentary, light, and medium.  The tables have columns for age, education, and previous work experience. The medical-vocational then direct a finding of "disabled" or "not-disabled" in the final column based on each vocational profile.  20 C.F.R. § 404.1569; SSR 83-11.

3

analysis in her written decision. Accordingly, Rush argues that the MJ's decision should be remanded.

### III. Standard of Review

The district court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997). It is limited to determining whether "the commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Id. In deciding whether to affirm the Commissioner's decision, it is not necessary that the court agree with the Commissioner's finding, only that it is substantially supported in the record. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389-90 (6th Cir.1999). Substantial evidence is defined as more than a scintilla of evidence but less than preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 249 (6th Cir. 2007); SSA, § 205(g); 42 U.S.C.A. § 405(g).

A reviewing court may not resolve conflicts in the evidence or decide questions of credibility. Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989). The determinations of reviewing courts should be made based upon the record in its entirety. Rogers, 486 F.3d at 249. The portions of the MJRR that the claimant finds objectionable are reviewed de novo. Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987); 28 U.S.C. § 636(b)(1)(c).

### IV. Discussion

A. Explanation of Decision

Rush first argues that the ALJ erred by not adequately articulating her analysis in the written decision denying him disability benefits. In response, the Commissioner asserts that the ALJ's decision sufficiently describes her disability determination. The Court agrees.

Indeed, the ALJ is required to explain his or her determination. 42 U.S.C. § 405(b)(1); Dykes v. Comm'r of Soc. Sec., 112 F. Appx. 463, 467 (6th Cir. 2004) ("The Commissioner of Social Security is required to provide a statement discussing the evidence and reasons upon which the decision to deny benefits is based."). However, to fulfill this standard, the ALJ is not required to cite every last record, Dykes, supra, at 467, but is required to "articulate with specificity [the] reasons for the findings and conclusions that he or she makes." Baily v. Comm'r of Soc. Sec., 173 F.3d 428, *4 (6th Cir. 1999). Additionally, it is important to distinguish between the role of the physician and the role of the ALJ; the physician makes a medical determination whereas the ALJ makes a legal one based on the entire record. King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984); Hawkins v. Sec'y of HHS, 892 F.2d 79, *4 (E.D. Mich. 1989) ("[T]he determination of disability rests with the Secretary and not with the conclusory statement of treating physicians").

Further, when the medical opinion evidence presents two credible theories, both backed by substantial evidence, and both from doctors with equal weight in the regulations, the ALJ may choose which theory appears consistent with the entire record. Elam ex rel Golay v. Comm'r of Soc. Sec., 348 F.3d 124, 125 (6th Cir. 2003) ("The decision must be affirmed if the ALJ's findings and inferences are reasonable

5

drawn from the record or supported by substantial evidence, even if that evidence could have supported a contrary decision.").

Finally, the findings of an ALJ are upheld on appeal if they are supported by substantial evidence. 45 U.S.C. § 405(g); Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001). In reaching a disability determination, the ALJ is required to consider the entire record, rather than isolated facts, and to render a decision which is consistent with the record. See Heston, 245 F.3d at 535 ("Judicial review of the Secretary's findings must be based on the record as a whole.").

Here, the ALJ's decision begins by describing that Rush's back pain does not qualify him as disabled under Listing 1.04.[4] In support of the determination, she relies on an MRI report which states that the claimant does not suffer from stenosis or nerve root impingement (Doc. 5-2, p. 14). Later in the decision, she goes on to state that "[t]urning to the medical evidence, the objective findings in this case fail to provide strong support for the claimant's allegations of disabling symptoms and limitations." (Doc. 5-2, p. 16). She then explains at considerable length why she reached this conclusion.

For instance, the record demonstrates a conflict between two examining physicians, Dr. Gieringer (Gieringer) and Dr. Belen (Belen), where Gieringer finds that Rush's back pain is not disabling but Belen finds to the contrary. Particularly, Belen

---

[4] Listing 1.04 relates to Disorders of the spine and requires that a claimant suffer from herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture, resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. A claimant may demonstrate a spine disorder through evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back.

6

disagreed with Gieringer's EMG assessment of an EMG performed on Rush's legs, which described that the test came out normal and found there to be "no pinched nerve to the point of nerve damage either now or in the recent past […]." ( Doc. 5-9, p. 71). Belen disagreed with the results because Gieringer had failed to do an H-reflex test,[5] and found that the absence of the H-reflect test seriously compromised the EMG because the H-reflex test is a critical test for examining whether there is an S1 radiculopathy or a pinched nerve of the S1 nerve root.  (Doc. 5-8. pp. 117-118). Additionally, Belen found that Rush walked in a significantly abnormal gait, he had extreme tenderness in his lower back, there was a restricted range of motion, and a spasm in the lumbosacral paraspinal musculature on both sides.  (Doc. 5-8, p. 114). Accordingly, Belen diagnosed Rush with Chronic Severe Lumbar Strain and Chronic Lumbosacral Radiculopathy and found that these conditions were caused by Rush's work injury in December 2004. (Doc. 5-8, p. 113).

      The ALJ did not find Belan's report persuasive. (Doc. 5-2, p. 22).  She describes her determination as follows: (1) Belen only examined Rush once for thirty minutes; (2) most of Belen's findings were based on subjective rather than objective evidence and Rush could have therefore manipulated the findings; and (3) Rush did not go to Belen to seek treatment but to seek an opinion that would support his workers' compensation claim.   (Doc. 5-2, p. 22).  Relating to Rush's credibility, the ALJ explains that she suspected Rush might have manipulated the results of his examination with Dr. Belen

---

[5] Dr. Gieringer did not conduct an H-reflex test because he felt it did not offer any additional information.  (Doc. 5-9, p. 72).  In a deposition, Dr. Gieringer conceded to counsel  that it was possible for someone to have a normal EMG test and an abnormal H-reflex; however, this would not change his diagnosis because it would reflect either an old pinched nerve or some irritation in the insulation of the nerve.  (Doc. 5-9, pp. 73-74).  It would not reveal anything about the nerve itself in its current state.  (Id.)  In sum, the doctor concluded empathetically that Rush had no nerve damage.  (Doc. 5-9, p. 75).

because several of the physicians who examined Rush doubted his credibility. (Doc. 5-2, p. 21). Dr. Siddiqui, for instance, stated that Rush's case involved "moderate symptom exaggeration" and that Rush exhibited some inconsistency with regard to tenderness in his lower back. (Id.; Doc. 5-7, pp. 26-27). Dr. Miles, similarly, noted "a question of consistency." (Doc. 5-2, p. 17; Doc. 5-7, p. 34).

In further support of her disability determination, the ALJ's decision makes reference to an MRI of Rush's lumbar spine, dated April 5, 2005, which led a doctor to conclude that there was no stenosis or root impingement but there was mild degenerative end-plate changes in the lumbar area. (Doc. 5-2, p. 17; Doc. 5-8, pp. 85-86). The decision also describes an MRI of Rush's lumbar spine, dated March 13, 2009, which similarly led a doctor to conclude that while there were mild to moderate changes in the mid-lower lumbar spine, there was no evidence of a herniated disc or spinal stenosis. (Doc. 5-9, p. 90). In sum, the ALJ adequately explained her finding that Rush was not disabled as defined in the SSA. Further, the decision is supported by substantial evidence on the record. Thus, Rush's objection lacks merit and remand is not warranted on this ground.

### B. Listing 1.04(A) Determination

In a similar objection to that discussed above, Rush's second argument is that the ALJ failed to adequately articulate in the written decision why he did not meet Listing 1.04(A), in order to automatically qualify for disability benefits. In response, the Commissioner again argues that the ALJ's findings are supported by substantial evidence. The Court agrees with the Commissioner.

At the third step of the analysis, the ALJ must determine whether the claimant

meets a listed impairment.  The law provides that to meet a Listing all elements must be met.  20 C.F.R. 4040.1525(b)(3); Sullivan v. Zebley, 493 U.S. 521, 530 (1990) ("For a claimant to show that his impairments matches a Listing, it must meet all of the specified medical criteria.") (emphasis in original).  If the Listing is met, the claimant automatically qualifies for benefits regardless of age, education or work experience.  Sullivan, supra, at 525; 20 C.F.R. § 404.1520(d).  It often occurs that there is a disagreement among the treating or examining physicians regarding the nature or severity of the claimant's impairments.  20 C.F.R. § 404.1527(c).  In that case, as stated above, the ALJ may choose which theory appears consistent with the entire record.  Elam, supra, at 125 (6th Cir. 2003) ("The decision must be affirmed if the ALJ's findings and inferences are reasonable drawn from the record or supported by substantial evidence, even if that evidence could have supported a contrary decision.").

Here, as described above relating to Rush's first objection, the ALJ's decision sufficiently explains the basis for her decision.  While it is true that the specific paragraph that mentions Listing 1.04 is brief, it is but one paragraph in an overall complete explanation as to why Rush's back condition does not qualify him for social security disability benefits.

Thus, because the ALJ's decision sufficiently articulated reasons for finding that Rush did not meet Listing 1.04(A), there is no basis for remand on this ground.  Rush's objection is over-ruled.

## V. Conclusion

Based on the above, Rush's motion for summary judgment is DENIED and the Commissioner's motion for summary judgment is GRANTED. The case is DISMISSED.

SO ORDERED.

                S/Avern Cohn
                AVERN COHN
                UNITED STATES DISTRICT JUDGE

Dated: August 15, 2011

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 15, 2011, by electronic and/or ordinary mail.

                S/Julie Owens
                Case Manager, (313) 234-5160